# Exhibit A

TO STATE FARM'S NOTICE OF REMOVAL

42-1110-712

REC'D BY JEFF SHAY

OCT 10 2013

ROUTE TO
COPIES TO

RECEIVED
Bill Fenelli

OCT 10 2013

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

October 8, 2013

State Farm Fire & Casualty Company          Certified Mail
2500 Memorial Boulevard % Jeff Shay          Return Receipt Requested
Murfreesboro, TN  37131-0001                 7012 1010 0002 9210 2749
NAIC # 25143                                 Cashier # 11273

Re:    Deborah Orsland  V.  State Farm Fire & Casualty Company

       Docket # 67124

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served October 8, 2013, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Rutherford County
    20 Public Square North, Rm 201
    Murfreesboro, Tn  37130

42-1110-712

DEBORAH ORSLAND,            )

      Plaintiff,            )

v.                         )        **JURY DEMAND**

STATE FARM FIRE AND      )        Case No.  *67124*
CASUALTY COMPANY,      )

      Defendant.          )

## S U M M O N S

**THE STATE OF TENNESSEE**
**TO EACH SHERIFF OF THE STATE:**

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition, Request for Admissions, Request for Production and Interrogatories in this action on the Defendant(s)

**STATE FARM FIRE AND CASUALTY COMPANY**
**c/o Secretary of State**
**Department of State**
**Division of Service**
**Suite 1800**
**James K. Polk Building**
**Nashville, Tennessee 37243-0306**

      Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, whose name and address is

**Thomas W. Thompson, Esquire**
**The Thompson Trial Group, P.A.**
**4725 N. Lois Avenue**
**Tampa, Florida 33614**

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of the written defenses with the Clerk of the court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED _Oct 4_ , 2013

                                **Clerk of the Court**

                            **By:** _____
                                  As Deputy Clerk

42-111Q-712

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

|   |   |
|---|---|
| DEBORAH ORSLAND, | ) |
| Plaintiff, | ) |
| v. | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

**JURY DEMAND**

Case No. 67127

## COMPLAINT

Plaintiff, DEBORAH ORSLAND, for her Complaint against the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, ("Defendant" or "STATE FARM"), would respectfully show and allege to the Court as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff, DEBORAH ORSLAND, owns the property located at 326 Ella Street, Smyrna, Tennessee 37167.

2.     Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. The registered agent for service of process of STATE FARM FIRE AND CASUALTY COMPANY is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243.

3.     Plaintiff's claim for relief arises from a covered sinkhole loss to her property located at 326 Ella Street, Smyrna, Tennessee 37167 ("Property"). Venue is proper pursuant to Tenn. Code. Ann. § 20-4-103.

4.     At all times material hereto, Plaintiff has been the owner of the Property.

1

5.     Plaintiff renewed or procured a policy of homeowner's insurance, policy number 42-DH-5331-6 ("Policy"), from Defendant covering the above-referenced property. Plaintiff is not in possession of a copy of the certified Policy and will provide one upon receipt in discovery.

6.     In consideration of monies paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's property against risks, including sinkholes. The insurance policy provided dwelling insurance coverage in addition to other coverages.

7.     Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8.     On or about March 29, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9.     The damage to Plaintiff's Property is caused by a covered peril under the Policy.

10.     A notice of loss and damages was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11.     Defendant sent a professional engineer, TTL, Inc. ("TTL"), to Plaintiff's Property who confirmed that there was damage to the home and that the home was situated in a karst setting where sinkholes are apparent, but stated that was caused by perils excluded under the policy and not by sinkhole activity.

12.     TTL's inspection of Plaintiff's Property was inconsistent with sinkhole testing standards, thus it was not statutorily compliant under Tennessee Statute 56-7-130.

13.     On or about August 17, 2012, Defendant sent a letter to Plaintiff stating that TTL determined that sinkhole activity was not a cause of loss and denied the claim.

2

14.     Given concerns with the propriety of TTL's testing and reports, as adopted by Defendant, Plaintiff retained the services of Plaintiff's own geotechnical engineering firm to conduct a review of this matter.

15.     Upon information and belief, the geotechnical engineering firm retained by Defendant, TTL, failed to comply with standard geotechnical engineering practices and procedures in completing its inspection, testing, and evaluation of the damages to Plaintiff's Property.

16.     On or about June 5, 2013, Plaintiff, through counsel, sent a request that the full amount be paid or that Plaintiff would seek a bad faith penalty for the handling of her claim.

17.     On or about June 28, 2013, Defendant sent correspondence reversing its prior coverage denial and agreed to provide coverage for Plaintiff's claim.

18.     However, after accepting to provide coverage for Plaintiff's claim, Defendant has failed to make payment to Plaintiff for the loss and damage sustained.

19.     Plaintiff has complied fully with all of the provisions of the Policy.

20.     Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them reasonable fee for their services.

## BREACH OF CONTRACT

21.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

22.     By electing to cover sinkhole loss as set forth in the Policy, Defendant contractually obligated itself to investigate and resolve sinkhole claims in a manner that is consistent with the provisions of Tennessee Code § 56-7-130, but which may provide benefits broader than those provided under Tennessee Code § 56-7-130.

3

23.　Defendant has breached the Policy by failing to ensure a proper subsidence investigation as defined by Tennessee Code and failing to pay all benefits due thereunder for the claim of sinkhole activity.

24.　Defendant failed to properly investigate the Property as required under the Policy and by state statute.

25.　Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

26.　Defendant failed to investigate the Plaintiff's claim in a prompt and thorough manner.

27.　Defendant failed to make payment to Plaintiff's for her claim after accepting to provide coverage for her loss.

28.　Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, and amount equal to such limits for the total constructive loss.

## VIOLATIONS OF THE TENNESSEE
## CONSUMER PROTECTION ACT

29.　Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30.　Defendant has violated the Tennessee Consumer Protection Act of 1977 ("TPCA"), §§ 47-18-101, *et seq.*, by engaging in various unfair, misleading or deceptive acts or practices, including, but not limited to:

(A)　attempting to deceive or misrepresenting or failing to act fairly by not paying Plaintiff for damages, when Defendant represented in its policy it would provide coverage for covered perils, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5) and (b)(27); and,

4

(B)    failing to comply with Tenn. Code Ann. §§ 56-7-130 when Defendant had an obligation to comply with Tenn. Code Ann. §§ 56-7-130 in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27).

31.    The Defendant's acts and/or omissions in violation of the TCPA were made willfully and knowingly, thereby entitling Plaintiff to treble damages and attorney fees pursuant to Tenn. Code Ann. § 47-18-109.

## FRAUD AND MISREPRESENTATION

32.    Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33.    Defendant committed fraud by intentionally or recklessly misrepresenting to the insured Plaintiff that a proper sinkhole investigation had been performed by TTL and that Defendant would provide coverage and issue payment to Plaintiff for her claim.    Such misrepresentation was committed knowingly and recklessly for the purpose of taking undue advantage of the insured and was justifiably relied on by the insured, who accepted the representation as true.

## UNFAIR CLAIMS PRACTICES

34.    Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth herein.

35.    Defendant committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

(A)    Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiff's claim, in violation of Tenn. Code Ann. § 56-8-105;

(B)    Refusing to pay Plaintiff's claim without conducting a reasonable investigation in violation of Tenn. Code Ann. § 56-8-105; and,

Case 3:13-cv-01184   Document 1-1   Filed 10/25/13   Page 8 of 34 PageID #: 11

36. The Defendant's acts and or omissions regarding this claim were made willfully or knowingly and supports Plaintiff's claim for Breach of Contract, violations of the TCPA, and bad faith.

## NEGLIGENCE *PER SE*

37. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. Defendant failed to follow the minimum standards for investigating a sinkhole claim as set forth in Tenn. Code Ann. § 56-7-130 (d), including but not limited to the following respects:

    (A) Defendant denied after receiving a report that failed to meet the minimum standards for investigation of a sinkhole claim as required under Tenn. Code Ann. § 56-7-130 (d)(2);

    (B) Defendant failed to comply with a written certification by Plaintiff's geotechnical engineering firm stating that the cause of the claim was sinkhole activity and which provided the proper remediation recommendations.

39. As a result of Defendant's failure to perform its statutory duty, Plaintiff has been injured. Plaintiff was within the protection of the Tenn. Code Ann. § 56-7-130 and § 47-18-101, *et seq.* and was intended to benefit from these laws.

## BAD FAITH

40. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiff. Accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105

6

42.    The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiff, including, but not limited to:

(A)    Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B)    Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner; and,

(C)    Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiff's claims.

43.    Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) treble damages, and (vii) any other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which she is entitled under the common law, and the Tennessee Consumer Protection Act, including compensatory damages, treble damages, attorney fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

Respectfully submitted,

By: _____

**Thompson Trial Group, P.A.**
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:     (813) 254-1800
Facsimile:     (813) 254-1844
Attorney for Plaintiff

..., Tennessee, Rutherford County
... and State, hereby certifies
... (strike) and State, hereby certifies
... (instrument) is a correct copy of
... instrument filed in the foregoing case
in the Circuit Court of Murfreesboro, Tennessee.
This ___ day of ___
Laura Bohling, Clerk

Deputy Clerk

8

42-111Q-712

| | |
|---|---|
| DEBORAH ORSLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) Case No. |
| COMPANY, | ) 67124 |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW the Plaintiff, DEBORAH ORSLAND, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure, hereby request Defendant, STATE FARM FIRE AND CASUALTY COMPANY, ("Defendant"), respond to Plaintiff's First Request for Admissions to Defendant within forty-five (45) days of the date of service and admit or deny the following:

1. That all times material hereto, Plaintiff was and is the owner of that certain real property located at 326 Ella Street, Smyrna, Tennessee 37167, (hereinafter referred to as "Insured Property").

2. That Defendant issued or renewed a policy of homeowner's insurance, Policy Number 42-DH-5331-6, (hereinafter referred to as the "Policy") to Plaintiff on the Insured Property.

3. That at all times material hereto, the subject Policy of homeowner's insurance was/is in effect for the Insured Property.

4. That the above-referenced Policy of insurance covers any and all damage to the Insured Property that was caused by sinkhole activity.

5. That Policy Number 42-DH-5331-6 is an all-risk policy.

6. That there is damage to the structure located at the Insured Property.

7.     That Plaintiff made a timely application for insurance benefits under the Policy of homeowner's insurance.

8.     That Defendant has not sent to Plaintiff a notice of nonrenewal before this claim was initiated.

9.     That Defendant has not sent to Plaintiff a notice of cancellation before this claim was initiated.

10.    That Defendant unilaterally retained **TTL, Inc.**, (hereinafter "**TTL**") to determine if a probable geotechnical cause of the distress at the Insured Property could be determined and, if so, to make repair recommendations.

11.    That **TTL** determined that the damage to the Insured Property could not have been caused by sinkhole activity.

12.    That **TTL**'s inspection of the Plaintiff's Property was inconsistent with sinkhole testing standards

13.    That based on the results of the Subsidence Investigation Report, prepared by **TTL** at Defendant's request, Defendant advised Plaintiff that **TTL** had concluded that the damage to the insured's premises was caused by an excluded peril under the policy and **not** sinkhole activity.

14.    That Defendant failed to consult with Plaintiff in its retention of **TTL** to perform the subsidence investigation

15.    That Defendant relied upon the above-referenced **TTL** report and the recommendations contained therein to deny Plaintiff's claim

16.    That upon receiving reports from professional geotechnical firms retained by Plaintiff, Defendant decided to re-open Plaintiff's claim.

17.    That upon receiving reports from professional geotechnical firms retained by Plaintiff, Defendant decided to provide coverage for Plaintiff's claim.

18.    That the investigations performed by the professional geotechnical firms retained by Plaintiff were in accordance with Tennessee law and sinkhole testing standards.

19.    That Defendant has not paid Plaintiff's claim.

20.    That Defendant does not agree to make payment for Plaintiff's claim in accordance with Plaintiff's geotechnical engineers' recommendations.

21.    That the duty to ensure a subsidence investigation compliant with Tennessee Statute § 56-7-130.7 lies with Defendant.

22.    That Plaintiff has complied with all conditions precedent to obtaining benefits under Plaintiff's Policy of homeowner's insurance from Defendant

23.    That Plaintiff has complied with all conditions precedent to the maintenance of this action.

24.    That subject to applicable limits, Plaintiff is entitled to the full cost of repairs of the damage to her home, including the cost of remediation of subsurface conditions and restoration of the foundation

25.    That Defendant has breached its policy of insurance by failing to pay all benefits to Plaintiff for claim of damages to the home located at Insured Property.

26.    That if the Insured Property cannot be repaired properly within the applicable coverage limits, the loss shall be deemed a total loss, and Plaintiff is entitled to be paid an amount equal to such coverage limits.

27.    That Defendant owes prejudgment interest, expert fees, costs, and attorneys' fees of this action.

28.    That an expert retained by Defendant or on behalf of Defendant, during the past three (3) years, has confirmed sinkhole activity within a one (1) mile radius of the Plaintiff's home.

29.    That Defendant has failed to comply with all of the statutory requirements of Tennessee Statute 56-7-130.

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing Request for Admissions has been served contemporaneously with Plaintiff's Complaint and Responses to same are due within forty-five (45) days from the date of service.

By: _____

**Thompson Trial Group, P.A.**
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:  (813) 254-1800
Facsimile:   (813) 254-1844
Attorney for Plaintiff

4

... Tennessee, Rutherford County ... Circuit Court Clerk of ... and State, hereby certifies ... foregoing is a correct copy of ... and filed in the foregoing case ... Court of Murfreesboro, Tennessee. ... day of _____
Laura Bowling Clerk

Deputy Clerk

42-111Q-712

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

DEBORAH ORSLAND,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )          **JURY DEMAND**
                                    )
STATE FARM FIRE AND                 )          Case No.
CASUALTY COMPANY,                   )
                                    )          67124
        Defendant.                  )
                                    )

## PLAINTIFF'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO DEFENDANT

      **COMES NOW** the Plaintiff, **DEBORAH ORSLAND**, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, pursuant to Rule 33.01 of the Tennessee Rules of Civil Procedure, and hereby give notice of serving Plaintiff's First Set of Interrogatories to Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, which is required to provide its answers in writing under oath within forty-five (45) days from the date of service.

### CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** a true and correct copy of the foregoing Interrogatories has been served contemporaneously with Plaintiff's Complaint.

By: _____

*Thompson Trial Group, P.A.*
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:  (813) 254-1800
Facsimile:   (813) 254-1844
Attorney for Plaintiff

..., Rutherford County
..., Circuit Court Clerk of
... and State, hereby certifies
... foregoing is a correct copy of
... filed in the foregoing case
... Circuit Court at Murfreesboro, Tennessee.
... day of ...
Laura Bowman Clerk

Deputy Clerk

# INSTRUCTIONS

1. You are instructed either to produce document as they are kept in the usual course of business or to produce document organized and labeled to correspond with the categories in these Interrogatories. Documents are to be produced in full and unexpurgated form.

2. These Interrogatories shall be deemed continuing, if permitted by Rule, so as to require further and supplemental production in the event that the party requested to produced, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If any documents covered by these interrogatories are withheld by reason of a claim of privilege, work- product immunity or other ground of non-production, a list is to be furnished at the time that the documents are produced indentifying each such document for which the privilege is claimed specifically by its nature (e.g. letter, memorandum, etc.) together with the following information with respect to any such document withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of these Interrogatories to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5. In the event that any document called for by these Interrogatories has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to theses Interrogatories or to any definition or instruction they contain shall be in writing and delivered to Plaintiff's counsel within the time provided in the Tennessee Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by the Court.

7. Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Defendants, if any.

## DEFINITIONS

A. As used herein, "Defendant," "you" or "your" shall mean Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, its affiliates, partners, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons or entities over which Defendant has control or have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

B. The term "Plaintiff" shall mean **DEBORAH ORSLAND**, her representatives, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons or entities over whom they have control or have been hired, retained or employed by them to act on their behalf for any purpose whatsoever.

C. The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

D. The term "identify" or "the identity of" or equivalent language with reference to a natural person shall mean to give his or her entire name, his or her last known residence address, and, if employed, the name and address of his or her employer and his or her job title or position. With reference to a person who is not an individual, such terms mean to state the full name and principal office address of such person.

E. They terms "the identity of" or to "identify" or equivalent language shall with reference to a document mean to:

   1. Describe it in language which would be sufficient to obtain its production if used in a request for production directed to you;

   2. State its customary business description, its nature and substance with sufficient particularity to enable it to be identified, its number (if any), and its date (it any);

   3. And, identify the person(s) who generated it and its current custodians(s).

F. The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent , independent consultant or expert or other person (including attorneys), such as friends, relatives and spouse, acting or purporting to act on behalf of the person or entity.

G. The terms "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Florida Rule of Civil

3

Procedure 1.340. Furthermore, " Document" or " documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all writing, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, pictures, photographs, tapes, memoranda, mechanical and electronic recordings or transcripts of same, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, proposition, articles, announcements, newspaper clippings, books, records, tables, book of account, ledgers, vouchers, canceled checks, check stubs, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness, and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of any document exist each copy which is in any way not completely identical to a copy which is referenced shall also be produced.

H.    The term "communication" shall mean any transmission of information by any mean transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

I.    The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

J.    The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, with limitation."

K.    All other words have their plain ordinary meaning.

4

Case 3:13-cv-01184   Document 1-1   Filed 10/25/13   Page 19 of 34 PageID #: 22

# INTERROGATORIES

1.    What is your name, address, telephone number, and if you are answering for someone else, your official position.

2.    State the name, official title and function, relationship with Defendant, address and telephone number of each person(s) who assisted in the preparation and formulation of the answers to these Interrogatories, and responses to the Request for Production of documents that accompany these interrogatories, and in the assembly of documents to be produced.

3.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings in this matter, and specify the subject matter about which the person has knowledge.

5

4.     Identify all policies that Defendant subscribed, issued or sold to Plaintiff.

5.     On what date or dates did Defendant provide Plaintiff with any notice of cancellation of a prior policy?

6.     On what date or dates did Defendant provide Plaintiff with any notices of non-renewal of a prior policy?

6

7.   State the name, address, telephone number and title of each person(s) who had any role, whatsoever, in working on or adjusting the insurance claim(s) of Plaintiff, **DEBORAH ORSLAND, at 326 Ella Street, Smyrna, Tennessee 37167,** giving a brief description of their responsibilities regarding this matter. This interrogatory seeks the name of every employee of **STATE FARM,** who had anything to do with the claim, including the adjusters, branch claims representatives, regional or home office claims committee. State the name(s), address(es), and telephone all documents that support or explain any of these facts.

    A.   If any person identified in the answer to the preceding Interrogatory has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

    B.   If any person identified in the answer to the preceding interrogatory is no longer employed with **STATE FARM,** please state the date of separating, and the last-known residence address and telephone number of place of current employment of each such past employee.

8.   Are you aware of any other alleged sinkhole activity that has been investigated by you, anyone else on behalf of Defendant, any person, any entity, or any other insurance carrier within a two-block radius of the Plaintiff's property during the past three (3) years? If answering affirmatively, please identify: (i) the address(es) of the area investigated; (ii) the party, including the name and address of the engineer, if you are aware, that conducted the investigation; (iii) whether or not the site contained a confirmed sinkhole; and (iv) whether or not the property was repaired, and if so, the method or repair.

7

9       Prior to your determination of coverage for Plaintiff's claim for insurance coverage, did you review any prior claims history to determine whether there have ever been any other investigations for sinkhole activity on nearby properties? If answering affirmatively, please identify: (i) the specific areas where the claims were filed; (ii) the engineering company retained by you to conduct the investigation for each such claim; and (iii) whether or not you provided coverage for the claim; and (iv) whether or not the property was repaired, and if so, the method of repair. (The term "nearby properties" is to include any property within a one-mile radius of the Plaintiff's home).

10      State the facts and circumstances upon which you rely for each affirmative defense set forth in your Answer and Affirmative Defenses.

11      Do you contend that anything other than a covered peril under the subject homeowners' policy is, or may be, the cause, in whole or in part, of damage to the insureds' premises, for which claims have been asserted against you in this lawsuit? If so, state the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not previously notified Plaintiff of your contention.

8

12. Have you ever heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

13. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

14. For each claim for insurance benefits submitted to you by Plaintiff during the past four (4) years, please state: (i) the date Plaintiff first reported the loss to you; (ii) the "date of loss" or date associated with the claim; (iii) whether the claim was denied; (iv) if any payment was tendered or offered, the amount and date of such payment or offer; and (v) the policy number, coverage limits and policy period of any insurance policy in effect at the time the claim was submitted.

9

15. Describe comprehensively and in detail each and every way you believe that Plaintiff haS violated and/or failed to comply with any terms or conditions of the insurance policy, including but not limited to, cooperate with **STATE FARM'S** investigation and adjustment of the loss, intentional concealment, omitted and/or misrepresented any material facts or circumstances. State then name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

16. Describe comprehensively and in detail the exact nature of all evidence in your possession, which may support any and all allegations of Plaintiff's Complaint, or that may rebut any and all allegations of Plaintiff's Complaint with respect to this pending action, and which are discoverable under the applicable Rules of Civil Procedure. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

17. Describe each file that was opened, created, or maintained by **STATE FARM** relating in any way to the policy or the claim, including the complete name or title of the file, its complete file number or other identifying designation, its present custodian and physical location within **STATE FARM** and its general purpose or business classification. This interrogatory seeks the identification of each "claims file" and each "underwriting file" under whatever designation or description, and every copy of duplicate thereof which may exist within **STATE FARM**. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

18. State with specificity, when and why did **STATE FARM** anticipate litigation with regard to a breach of contract cause of action in the case at issue. State the name(s), addresses(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

19. For the past three (3) years, state the total number of times you, your company, your agents, third party-claims companies retained by Defendant, or your attorney have retained the services of the expert(s) retained in the present case and please state the total amount of compensation paid to the expert(s) during the past three (3) years.

20. If any Requests for Admissions in Plaintiff's First Request for Admissions served contemporaneously with these interrogatories have been in whole or in part denied, or if anything other than an outright admission was given, please explain the facts supporting said response. Please identify any person with knowledge regarding the reasons for said response and identify any document supporting said response.

21. For each allegation of the Complaint which you have denied, please state the factual basis for each denial and list the name and address of the person and identify any documents supporting the facts of the denial.

11

STATE FARM FIRE AND CASUALTY INSURANCE
COMPANY,

By:_____

**STATE OF TENNESSEE**

**COUNTY OF**_____

The foregoing instrument was acknowledged before me this____ day of _____

_____, 2013, by _____who is personally known tome or who has

produced _____as identification and who did (did not) take an oath, and who

says the he/she executed the foregoing Answers to Interrogatories and that the Answers are true

and correct to the best of his/ her knowledge and belief.

_____

Notary Public (seal)

_____

Printed Name

42-1110-712

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

DEBORAH ORSLAND,                )
                                )
        Plaintiff,              )
                                )
v.                              )          JURY DEMAND
                                )
STATE FARM FIRE AND CASUALTY    )          Case No.
COMPANY,                        )
                                )             67124
        Defendant.              )
                                )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

**COMES NOW** the Plaintiff, **DEBORAH ORSLAND**, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 34.01 of the Tennessee Rules of Civil Procedure, hereby request that Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, produce for inspection, copying or photographing at the office of Thompson Trial Group, P.A., 4725 N. Lois Avenue, Tampa, Florida 33614 within forty-five (45) days from the date of service, or at such other time and place as may be agreed upon between counsel, all documents and things in the possession, custody or control of Defendant, which are responsive to the requests contained in the numbered paragraphs below:

### I.     DEFINITIONS AND INSTRUCTIONS

A.     As used herein, "Defendant", "you" or "your" shall mean Defendant, **STATE FARM**, its affiliates, partners, agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons or entities over which Defendant has control or have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

B.      As used herein, the term "document" or "documents" shall be defined to include any and all documents, memoranda (including written memoranda of telephone conversations, oral communications, discussions, agreements, acts or activities), letters, postcards, telegrams, messages (including telephone messages), facsimiles, intra-and interoffice communications, correspondence, handwritten and/or typewritten notes, pamphlets , diaries, records of any kind, sound recordings, contracts, agreements, books, letters, reports, catalogues, financial statements, receipts, invoices, billing statements (including credit card and telephone statements), purchase orders, proposals, affidavits, advertisements, solicitations, indices, data processing cards, other data processing materials, data, maps, directives, desk pads, calendars, scrap books, notebooks, drawings, diagrams, sketches, statistical records, appointment books, diaries, computer printouts, data processing input and output, computer input and output, e-mail, microfilms, other records kept by electronic, photographic or mechanical means, and writing of every kind and character, including preliminary drafts and other copies of the foregoing, however, produced or reproduced. If multiple copies of a document exist, each copy which is any way not completely identical to a copy which is being produced should also be produced.

C.      As employed herein, "all documents" shall refer to and shall include every document as above-defined, known to you and every such document or thing that can be located or discovered by reasonable diligent efforts, whether or not originally in your custody, possession or control.

D.      When producing the requested documents and things, please produce same as they are kept in the usual course of business or label them to correspondence with the categories of this request for production.

2

E.    If you claim a privilege as to any documents or thing encompassed by this request for production, you are requested to make the claim expressly and describe the nature of the documents, communications or things not produced or disclosed in manner that without revealing information itself protection claimed.

F.    The words "relating to" mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

## II.    DOCUMENTS TO BE PRODUCED

1.    All reports, drafts, charts, drawings, diagrams, or memoranda showing or intending to show the cause of damage to Plaintiff's real property located at **326 Ella Street, Smyrna, Tennessee 37167**, (hereinafter referred to as the "Property") or the potential methods of repair in connection therewith.

2.    A certified copy of the Plaintiff's all-risk insurance policy that was in effect at the time Plaintiff's claim was made.

3.    All applications for insurance or corresponding documents that relate to Plaintiff's procurement of the subject policy.

4.    The entire underwriting file.

5.    All notices of cancellation for any policy issued to Plaintiff by Defendant.

6.    All notices of non-renewal for any policy issued to Plaintiff by Defendant.

7.    All field logs, notes, or other memoranda relating to or referencing any engineering or geological consultant's findings or recommendations in connection with the Plaintiff's Property.

8.    All documents relating to or referencing the damage to Plaintiff's Property, which were considered by any individual or entity, and any related cost estimates in connection therewith.

3

9.    All photographs, logs, and/or videos taken of the Plaintiff's Property with regard to any inspection or testing performed at the request of Defendant or at the request of any of Defendant's representatives.

10.    All documents relating to or referencing any communication between Plaintiff and Defendant, including, but not limited to, correspondence or notices in connection with Plaintiff's claim.

11.    All documents signed by Plaintiff and relating to this action.

12.    Any documents, notes, memoranda, diaries, reports, photographs, video, etc., of any person who visited the Property and/or spoke with Plaintiff on behalf of Defendant, at the request of Defendant, or at the request of any Defendant's representatives.

13.    All documents used by you in making the decision to tender or to offer to tender any amount to Plaintiff in connection with Plaintiff's claim

14.    All documents used by you in making the decision whether coverage would be provided with respect to Plaintiff's claim.

15.    All documents used by you in making the decision to elect to repair or repair the Plaintiff's Property in connection with Plaintiff's claim.

16.    All reports, memoranda, or other documents regarding the existence of any alleged sinkhole activity investigated by Defendant or their representatives within a two block radius of the Property.

17.    All reports, memoranda, or other documents relating to any ground remediation or repair work, regardless of whether such repairs were ever performed, arising out of alleged sinkhole activity at any neighboring properties within a one-mile radius of the subject Property

18.    All documents, including, but not limited to, prior claims documentation submitted to you by other insureds, which were consulted to assist you in determining whether there have been any other investigations for sinkhole activity at neighboring properties within a two-mile radius of the subject Property

19.    All documents provided to Defendant's geological or engineering experts to assist them in their investigation of this claim

20.    All statements, forms, recordings, tapes, or transcripts of recordings of statements made by Plaintiff with regard to this claim.

4

21.    All documents which support, refute, or otherwise relate to Defendant's claims or defenses in this action.

22.    All documents relating to or referencing any communication by Defendant, to any testing laboratory, consultant, engineer or engineering firm, geologist or geological firm, building contractor, or any expert, including but not limited to, correspondence, memoranda and notes prepared in connection with this claim.

23.    All documents for any construction/repair estimates or construction/repair proposals regarding the Plaintiff's Property.

24.    All documents including IRS documents, computer printouts, or notes, indicating the total number of times that any of the expert's retained by you, your company, your third-party claims company, or your attorney in relation to Plaintiff's sinkhole claim or any expert(s) on Defendant's behalf that has examined, visited, performed any work or any testing of any kind on Plaintiff's property, have been retained by you, your company, your third-party claims company, or your attorney in the past three years and the total amount of compensation paid to said expert(s) for work in the past three (3) years.

25.    All claims file documents regarding Plaintiff's claim generated prior to your determination regarding Plaintiff's claim.

26.    All documents evidencing the reserve amount set aside for Plaintiff's claim.

27.    All documents identified or referred to in Plaintiff's First Set of Interrogatories.

28.    All documents that relate to the interpretation or application of the subject language at issue in Plaintiff's claim.

29.    All documents relating to your past and present document destruction policies

30.    All documents relating to premiums that Plaintiff paid you for policies issued

31.    All documents relating to Plaintiff or Plaintiff's property, which you obtained from any source other than Plaintiff

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing Request for Production has been served contemporaneously with the Complaint and Responses to same are due within forty-five (45) days from the date of service.

By: _____

**Thompson Trial Group, P.A.**
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:     (813) 254-1800
Facsimile:      (813) 254-1844
Attorney for Plaintiff

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing cause in the Circuit Court of Murfreesboro, Tennessee.
This ___ day of _____ 2013

6

42-111Q-712



7012 1010 0002 9210 2749
STATE FARM FIRE & CASUALTY COMPANY
2500 MEMORIAL BOULEVARD % JEFF SHAY
MURFREESBORO, TN 37131-0001



7012 1010 0002 9210 2749



500 James Robertson Pkwy., 7th Floor
Nashville TN 37243





RECEIVED
Bill Fenell
OCT 1 0 2013